U. S. DISTRICT COURT
Southern District of Ga.
Filed In Office
5:05 P. M
Nov 10 20 08
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | CASE NO. CR504-011 |
| TEYON MALIK HERRING, ) | |
| ) | |
| Defendant. ) | |

## O R D E R

Before the Court is Defendant Herring's "Motion Requesting the Return of Any and All Items, Funds, and Documents Seized." (Doc. 95.) The Government has filed a response. (Doc. 98.) After careful consideration, the Government is **DIRECTED** to supplement its response to Defendant's Motion by providing the Court with evidence supporting the Government's contentions. Accordingly, the Government shall have **twenty (20) days** from the date of this Order to file its supplemental response.

Based on Defendant's Motion and the Government's Response, it appears that, in connection with Defendant's arrest, the Drug Enforcement Agency ("DEA"), pursuant to a valid seizure warrant, seized approximately $9,500 from a newly opened bank account in the name of Defendant's child. The funds represented the remains of a $10,000 transfer from Defendant's bank account to the new account. The DEA

subsequently initiated administrative forfeiture proceedings against the funds. The Government claims that Defendant personally received valid notification of the forfeiture while incarcerated and that the DEA properly published notice of the seizure. No claims or petitions were filed asserting an interest in the seized funds.

In his Motion, Defendant claims that he never received notification of the hearing. Furthermore, Defendant alleges that, during his arrest, officers seized three watches and two rings belonging to Defendant.

Federal Rule of Criminal Procedure 41(g) allows for an individual to petition for the return of seized property "on the ground that such person is entitled to lawful possession of the property." United States v. Eubanks, 169 F.3d 672, 674 (11th Cir. 1999). Rule 41(g) is not applicable where the Government has retained the property pursuant to a valid civil forfeiture. Id. In other words, Rule 41(g) cannot be used to collaterally attack the merits of a valid civil forfeiture.

However, there are certain requirements the Government must satisfy to obtain a valid administrative forfeiture. Specific to this case, the DEA must (1) send "[w]ritten notice of seizure together with information on the applicable procedures . . . to each party who appears to have an interest in the seized article," 19 U.S.C. § 1607(a), and (2) "cause a

2

notice of the seizure and of the intention to forfeit . . . the property to be published once a week for at least 3 successive weeks in a newspaper of general circulation in the judicial district in which the processing for forfeiture is brought." 21 C.F.R. § 1316.75(a); see United States v. Williams, 130 F. App'x 301, 302 (11th Cir. 2005) (per curiam) (unpublished). After providing notice and publication, the DEA may declare the property forfeit if no claim is made against the property within twenty (20) days from the date of notice. 21 C.F.R. § 1316.77(a).

In this case, Defendant alleges that he never received proper notice of the forfeiture proceeding. The Government has countered with conclusory statements that the DEA both provided Defendant with proper notice and satisfied the publication requirement. While this may be true, the Government has failed to provide the Court with any supporting documentation. Therefore, the Court is presently not in a position to rule on the merits of Defendant's Motion. Accordingly, the Court will afford the Government the opportunity to show that it provided both proper notice and publication of the forfeiture proceedings.

Defendant also alleges that, during his arrest, officers seized three watches and two gold rings. In response, the Government claims that the DEA did not seize any property

other than the $9,500.[1]  However, the Government must provide some documentation to support its contention, such as a verified inventory of the items seized pursuant to the warrant.  See United States v. Potes Ramirez, 260 F.3d 1310, 1314 (11th Cir. 2004).  Without such documentation, the Court is unable to rule on the merits of Defendant's Motion.

Accordingly, the Government is **DIRECTED** to supplement its response to Defendant's Motion by providing documentary evidence to support its contentions.  The Government shall have **twenty (20) days** from the date of this Order to file its supplemental response.

SO ORDERED this 10th day of November, 2008.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] The Government believes that these items may have been taken by officers of the Coffee County Sheriff's Department.  While it does not affect the Court's analysis, the Court notes that the Government is likely correct.  Defendant was arrested by officers of the Coffee County Sheriff's Department, whereas the DEA seized funds that were held in a bank account.  It is likely that, during Defendant's arrest, the Coffee County officers, rather than the DEA, searched Defendant's automobile, the alleged location of the items, and seized the watches and rings.

4