IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

UNITED STATES OF AMERICA )
)
v. )
) CASE NO. CR504-011
TEYON MALIK HERRING, )
)
Defendant. )
)

# O R D E R

Before the Court is Defendant Herring's "Motion Requesting the Return of Any and All Items, Funds, and Documents Seized." (Doc. 95.) After careful consideration, Defendant's Motion is **DENIED**.

Defendant moved under Federal Rule of Criminal Procedure 41(g)[1] for the return of approximately $9,500 seized from a bank account in the name of Defendant's child, and three watches and two rings seized during his arrest. Defendant argued that the seizure of the bank account was ineffective because he did not receive proper notification. In its Response, the Government asserted that it properly notified Defendant of the forfeiture proceedings, and that it is not in possession of the watches and rings. (Doc. 98.)

In an Order dated November 10, 2008, this Court directed the Government to supplement its response by providing some

---

[1] Defendant requested relief under Rule 41(e), which, after the 2006 amendments to the Rule, is contained in Rule 41(g).

evidentiary support for the assertion the it provided Defendant with proper notice, and the assertion that it was never in possession of the watches and rings. (Doc. 101.) In response, the Government has provided the Court with numerous certified mail receipts, signed by Defendant, indicating that Defendant was properly notified of the forfeiture proceedings. (Doc. 104.) In addition, the Government has provided the Court with proof that it published notice of the seizure once a week for three consecutive weeks in a newspaper of general circulation in this district. (Id.) Also, the Government has produced the sworn affidavit of Special Agent Stephen Tinsley, stating that Federal Agents did not retain any items seized from Defendant during his arrest.[2] (Id.)

Satisfied that the Government has provided sufficient evidence to support its assertions, the Court **DENIES** Defendant's Motion.

SO ORDERED this 16th day of January, 2009.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] Agent Tinsley does acknowledge that it is possible some personal items were seized by federal agents during Defendant's arrest. However, Agent Tinsley stated that these items, if any, were transferred to the custody of the Coffee County Sheriff's Department on April 16, 2004. (Doc. 104.)

2