FILED
U.S. DISTRICT COURT
DIV.
2011 MAR -1 AM 10:01
CLERK R. [signature]
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| TEYON MALIK HERRING, | ) | |
| | ) | |
| Petitioner, | ) | CIVIL ACTION NO.: CV508-025 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | (Case No.: CR504-11) |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Teyon Malik Herring ("Herring") filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255, to which the Government responded. The undersigned entered a Report in which it was recommended that Herring's Motion be denied in its entirety. The Honorable William T. Moore, Jr., declined to adopt the portion of this Report regarding Herring's "claim that his trial counsel was ineffective with respect to [Herring's] decision to plead guilty," (Doc. No. 22, p. 1), and referred this matter to the undersigned. In accordance with Judge Moore's Order, the undersigned appointed an attorney for Herring and conducted a hearing on this issue on February 15, 2011, in Waycross, Georgia, at which Herring, Officer Stacy Williams, and Attorney Clyde Taylor testified.

AO 72A
(Rev. 8/82)

## FINDINGS OF FACT

The relevant and credible testimony[1] at the evidentiary hearing established the following:

Officer Stacy Williams ("Williams") of the Douglas Police Department, along with two (2) other local police officers and an agent with the Altamaha Drug Task Force, went to a Coffee County residence in an attempt to get consent to search the residence. An officer discovered aluminum foil-wrapped brick-like objects lying on the ground by a car parked in the front yard of the residence. Herring told another officer that the officers could search this car, and several bricks of what was believed to be cocaine were recovered. Herring was charged with possession with intent to distribute cocaine.

Herring retained the services of Clyde M. Taylor, Jr. ("Taylor"), and Lloyd Murray ("Murray") to defend him during his prosecution. Taylor testified that Herring wanted him to file a motion to suppress on his behalf, and this issue was discussed for weeks. Herring's attorneys determined this would not be a viable motion because Herring lacked standing to contest the search, officers saw the cocaine in plain view, and it appeared that Herring had given his valid consent for the search of the car. Taylor testified that, per his usual practice, he repeatedly discussed all of Herring's options with him, but, at some point, he and Murray informed Herring of their belief that pleading guilty to the charge was his best option. Herring told Taylor that he believed the officers conspired against him, and Taylor explained to Herring on at least two (2) occasions that they would have 70 days between the entry of his guilty plea and his sentencing to

---

[1] The undersigned will incorporate, as necessary, the relevant portions of the testimony from Herring's November 14, 2005, Motion to Withdraw Guilty Plea hearing, as well as other relevant portions of the record.

2

investigate Herring's belief. Taylor told Herring that, if any evidence of this alleged conspiracy could be found, there would be options available, such as filing a motion to withdraw his guilty plea or a motion to dismiss. To this end, Taylor hired an investigator, Monica Jordan, after Herring entered his plea, and she was able to contact Williams. The investigator prepared a summary of what she purported Williams told her, but Williams testified that this summary contained statements he did not make or that were misconstrued. In addition, Williams would not sign an affidavit or consent to make a taped statement on Herring's behalf. Moreover, Taylor stated that Herring told him on several occasions that he knew of other witnesses who could assist with this investigation; however, the only name Herring offered was "Baker".

With respect to Herring entering a plea, Taylor testified that he informed Herring that the decision rested with him, but he and Murray advised Herring they thought this was the best course to take. Taylor explained to Herring what it meant to plead guilty, such as having to admit his guilt, what rights he was waiving, and that Herring faced a mandatory minimum sentence of ten (10) years' imprisonment. Taylor also explained to Herring that the Government would recommend that he receive a three (3) point credit for acceptance of responsibility if he were to plead guilty. Taylor believed that, if Herring pursued an unsuccessful motion to suppress and/or went to trial, he would lose the three (3) point credit for acceptance of responsibility and have another two (2) points added to his offense level for obstruction. Taylor stated that he believed this five (5) point swing would add at least three to four years to Herring's sentence. Taylor admitted that he filed a motion to suppress, but withdrew the motion after he was warned that acceptance of responsibility would not be an option and Herring's

AO 72A
(Rev. 8/82)

admissions and statements could be contradicted by a videotape recovered from Williams' patrol car. Taylor testified that he did not think the motion to suppress was a "good" motion and only filed the motion at Herring's insistence.[2] Once Taylor received the plea agreement, he allowed Herring, a college graduate, to read the agreement and to ask any questions he might have had. Herring appeared before Judge Moore for his change of plea hearing on November 23, 2004. Prior to sentencing, Herring retained other counsel, who filed a Motion to Withdraw his Guilty Plea on Herring's behalf. Judge Moore denied this Motion after a hearing and sentenced Herring on December 19, 2005. The Eleventh Circuit Court of Appeals affirmed Judge Moore's denial of Herring's Motion to Withdraw Guilty Plea.

## DISCUSSION AND CITATION TO AUTHORITY

Criminal defendants have a right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668 (1984). To prevail on a claim of ineffective assistance of counsel, the defendant must demonstrate (1) his counsel's performance was deficient, i.e., the performance fell below an objective standard of reasonableness, and (2) he suffered prejudice as a result of that deficient performance. Id. at 685-86. The two-part Strickland test applies to ineffective-assistance claims concerning the decision to accept a guilty plea offer. United States v. Anderson, 384 F. App'x 863, 866 n.1 (11th Cir. 2010) (citing Hill v. Lockhart, 474 U.S. 52, 58 (1985)). The deficient performance requirement concerns "whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." Hill, 474 U.S. at 56. There is a strong

---

[2] Taylor also testified that he did not think anything Williams may have presented by way of a sworn affidavit or a taped statement would have affected the motion to suppress, as Herring still had no standing, just because Williams did not see the cocaine in plain view did not mean it was not there, and Williams was not in the area when Herring is alleged to have given his consent to search.

AO 72A
(Rev. 8/82)

presumption that counsel's conduct fell within the range of reasonable professional assistance. Davis v. United States, No. 10-10811, 2010 WL 4068763, at *1 (11th Cir. Oct. 19, 2010) (citing Strickland, 466 U.S. at 686).

When a defendant enters a guilty plea pursuant to Rule 11 proceedings, "there is a strong presumption that the statements made during the colloquy are true" and his plea is knowing and voluntary. United States v. Gonzalez-Mercado, 808 F.2d 796, 800 n.8 (11th Cir. 1987). "However, a defendant's guilty plea is not knowing and voluntary if he pled guilty on the advice of counsel and that counsel rendered ineffective assistance because his advice was outside of the range of competence demanded of attorneys in criminal cases." United States v. Munguia-Ramirez, 267 F. App'x 894, 897 (11th Cir. 2008) (internal citation omitted).[3]

As Judge Moore already answered the first portion of the inquiry in this case— that Herring's guilty plea, entered into on the advice of Taylor, was made knowingly and voluntarily (CR504-11, Doc. No. 50),-- the undersigned need only determine whether Taylor's advice to plead guilty was within the "range of competence demanded of attorneys in criminal cases." Munguia-Ramirez, 267 F. App'x at 897. The undersigned finds that Taylor's advice to Herring fell well within this range. By doing so, the undersigned finds Taylor's testimony at the hearing more credible than Herring's testimony.[4] United States v. Ramirez-Chilel, 289 F.3d 744, 749 (11th Cir. 2002)

---

[3] Based on this standard, the implication of Judge Moore's finding (and the Eleventh Circuit's affirmance) that Herring's guilty plea was entered into knowingly and voluntarily is that Herring's counsel provided effective assistance.

[4] Herring's testimony regarding the pursuit of a motion to suppress was contradicted by Taylor's testimony that he would pursue a motion to dismiss based on police misconduct, if evidence were discovered to support Herring's allegations, not a motion to suppress. Moreover, to find Herring's testimony more credible than Taylor's would be to find that Herring was not being truthful during the Rule 11 proceedings.

5

("Credibility determinations are typically the province of the fact finder because the fact finder personally observes the testimony.").

The facts and evidence available to Taylor, who had more than 25 years' experience trying criminal cases, revealed Taylor's belief that there were no valid grounds to pursue in a motion to suppress at the time Taylor told Herring he believed it would be in his best interests to enter a guilty plea to the charged offense, though the decision rested with Herring. Regarding Herring's assertions that the police officers were involved in a conspiracy against him, Taylor told Herring that, if evidence came to light which might lend support to these allegations, there were certain options at his disposal. However, no concrete evidence in support of Herring's conspiracy allegations came to light, even after Taylor hired Ms. Jordan to investigate these allegations. In fact, the one name Herring provided, "Baker", ended up being a dead-end, as no one with that name was uncovered. Further, it was Taylor's experience that Herring would lose the three (3) point credit for acceptance of responsibility he stood to gain by pleading guilty if Herring chose to go to trial, and, in addition, a trial or pursuit of an unsuccessful motion to suppress could result in two (2) more points being added to Herring's offense level. Taylor believed that this possible five (5) point swing against Herring could result in an increase of up to four (4) years' imprisonment, in addition to the ten year mandatory minimum he faced. Moreover, when Herring appeared before Judge Moore during his Rule 11 hearing on November 23, 2004, Herring stated he met with Taylor no less than six (6) times to discuss his case, including any possible defenses to the charged offense, and that Herring was satisfied with Taylor and the way he represented him. (CR504-11, Doc. No. 43-1, p. 10). Again, Herring was under oath

AO 72A
(Rev. 8/82)

at the time he made these representations to Judge Moore. Herring cannot now set forth allegations which are clearly contradicted by his sworn statements made in open court. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) (reasoning that solemn declarations made in open court carry a strong presumption of veracity such that the subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal). In line with Judge Moore's reasoning in his disposition of Herring's Motion to Withdraw Guilty Plea, it appears that Herring's claim of ineffective assistance of counsel with regard to his decision to plead guilty "was sparked" by something other than "any vexation with having being coerced into pleading guilty by his attorney." (CR504-11, Doc. No. 50, p. 20). In sum, Taylor provided Herring with effective assistance by advising him to plead guilty.

## CONCLUSION

It is my **RECOMMENDATION** that Herring's claim that his attorney was ineffective by coercing him to plead guilty, and thus, the entirety of his 28 U.S.C. § 2255 Motion, be **DENIED**.

SO REPORTED and RECOMMENDED, this 1st day of March, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE